UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br>MISCELLANEOUS FIREARMS, SILENCERS and AMMUNITION,<br><br>　　　　　　Defendant.<br><br><br>IN RE DESTRUCTION OF FIREARMS AND AMMUNITION | Case No.: 03-cv-1920 RMW<br>Case No:: 09-cv-80136 RMW<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT; GRANTING MOTION FOR AN ORDER AUTHORIZING THE DESTRUCTION OF CERTAIN FIREARMS AND AMMUNITION |

　　　　These related actions arise from the seizure of various firearms and ammunition from Kevin Dugan ("Dugan") during his arrest on drug charges. For the following reasons, the court grants the motion for default judgment filed by plaintiff United States of America ("plaintiff") in the

1
Case No.: 03-cv-1920-RMW; Case No.: 09-cv-80136 RMW
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT; GRANTING MOTION FOR AN ORDER AUTHORIZING THE DESTRUCTION OF CERTAIN FIREARMS AND AMMUNITION

forfeiture action, as well as its motion for an order authorizing the destruction of other firearms and ammunition seized from Dugan's home but not named in the forfeiture complaint.

## I. BACKGROUND

On January 28, 2003, Dugan was indicted for violating 21 U.S.C. § 856(a)(1) (maintaining a place for the purpose of cultivating marijuana) and 18 U.S.C. § 922(g)(3) (being an unlawful user and addict of a controlled substance in possession of firearms). On April 28, 2003, plaintiff commenced an action seeking forfeiture of certain firearms (the "seized firearms") allegedly related to Dugan's indictment (the "forfeiture action"). Plaintiff notified Dugan and his attorney of the forfeiture action two days later. Dkt. No. 4. On May 20, 2003, Dugan filed an Application for an Order Staying Case indicating that he intended to file a claim to the seized firearms. *See* Dkt. No. 9. On June 27, 2003, the court stayed the forfeiture action pending resolution of Dugan's criminal case. Dkt. No. 10 at 1.

On December 22, 2008, Dugan was convicted on four felony counts: (1) manufacturing a controlled substance; (2) possession with intent to distribute controlled substances; (3) establishment of manufacturing operations; and (4) being an unlawful user or addict of a controlled substance in possession of a firearm. Shortly thereafter, Dugan appealed his conviction.

On July 1, 2009, plaintiff submitted a miscellaneous motion seeking an order authorizing the destruction of certain firearms and ammunition seized from Dugan's property but not named in the forfeiture complaint (the "other firearms") on the ground that they could not be lawfully returned to a convicted felon. *See In re Destruction of Firearms and Ammunition*, No. 09-80136. Plaintiff asserted that Dugan was the registered owner of most of the other firearms, and was believed to be the owner of the remaining firearms and ammunition. *See* Patrizi Decl. ¶¶ 5-6. Judge Fogel granted the motion. However, this court subsequently granted Dugan's motion to set aside that order after finding that Judge Fogel had "disqualified himself from handling Dugan's criminal case and undoubtedly would have disqualified himself in this action had he realized

2

Case No.: 03-cv-1920-RMW; Case No.: 09-cv-80136 RMW
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT; GRANTING MOTION FOR AN ORDER
AUTHORIZING THE DESTRUCTION OF CERTAIN FIREARMS AND AMMUNITION

Dugan's involvement." *Id.*, Dkt. No. 18. The court indicated that the other firearms should not be destroyed pending the final disposition of Dugan's criminal case.

Plaintiff also moved for default judgment in the forfeiture action, noting that Dugan had failed to file a verified claim as required by Supplemental Rule C(6) of the Federal Rules of Civil Procedure. The court tentatively granted plaintiff's motion for default judgment, but expressed some reservation about whether Dugan had received actual notice and vacated its tentative order when Dugan, now proceeding *pro se*, filed an opposition. As with the action seeking destruction of the other firearms, the court stayed the forfeiture action pending resolution of Dugan's criminal appeal.

Dugan's conviction was affirmed on September 20, 2011. See *United States v. Dugan*, 657 F.3d 998 (9th Cir. 2011). On January 20, 2012, Dugan moved to dismiss the forfeiture action, arguing that plaintiff's forfeiture complaint was untimely and unsupported by probable cause. He also opposed plaintiff's motion for an order authorizing destruction of the seized firearms, arguing that while he might be precluded from owning the firearms, they could be returned to a third-party or, alternatively, that he should be "compensated for his interest in the property." Dkt. No. 81. On March 14, 2012, plaintiff renewed its motion for default judgment in the forfeiture action, pointing to Dugan's continued failure to file a verified claim in that proceeding. Plaintiff simultaneously renewed its motion for an order authorizing destruction of the other firearms.

On March 16, 2012, the court requested supplemental briefing from Dugan regarding the impact of his failure to file a verified claim on the forfeiture action. Dugan was instructed to respond by March 30, 2012, but he did not. The court then extended time to submit supplemental briefing until May 8, 2012, noting that its previous order had been served on Dugan's counsel of record but that the court was not certain whether Dugan was still represented. Dugan again failed to respond. However, he did submit a number of other motions in June 2012, most of which raised issues concerning his criminal conviction. The only motions related to the seized property were:

3
Case No.: 03-cv-1920-RMW; Case No.: 09-cv-80136 RMW
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT; GRANTING MOTION FOR AN ORDER
AUTHORIZING THE DESTRUCTION OF CERTAIN FIREARMS AND AMMUNITION

(1) a motion for return of property under Fed. R. Crim. Proc. 41(g); and (2) a motion "to deny Government's motion for default judgment" containing no facts or argument.

## II. ANALYSIS

**A.     Motion for Default Judgement**

Under Supplemental Rule C(6), anyone claiming an interest in property subject to forfeiture proceedings must file a verified claim within thirty-five days after service of the complaint. *See United States v. United States Currency in Amount of $2,857.00*, 754 F.2d 208, 212 (7th Cir. 1985). "Before a claimant in a forfeiture case can file an answer and defend on the merits, a claim must be filed. If no claim is filed, a putative claimant lacks standing to contest a forfeiture." *United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1082 (7th Cir. 1997). Put another way, where the government files a complaint against property, rather than against an individual, a claimant must file a verified claim "in order to become a party to the action." *United States v. Real Prop..*, 135 F.3d 1312, 1318 (9th Cir. 1998). "[C]ourts consistently have held claimants to strict compliance with the provisions of Rule C(6)." *Id.*

Here, Dugan has failed to file a verified claim to the seized firearms for nearly ten years after being served with the complaint.[1] For much of that time, he was represented by counsel. In addition, although his vigorous motion practice shows that he is closely following these proceedings, he declined to submit briefing on the issue despite the court's repeated invitations to do so. Under such circumstances, the court can find no authority allowing a putative claimant to contest a forfeiture action, even where the government or the court is aware of the *potential* that an individual may file a claim. *Compare id.* (record owner of seized property lacked standing to

---

[1] Dugan may believe that he complied with the claim requirement because he appears to have submitted an *administrative* claim under 19 U.S.C. § 1608 prior to the initiation of the forfeiture action. Such a claim would not satisfy Rule C(6) because it was submitted to an administrative agency, and thus did not "notify the court that [Dugan] had a sworn interest in the [seized property]." *United States v. United States Currency in Amount of $2,857.00*, 754 F.2d 208, 213 (7th Cir. 1985).

challenge a default judgment because he failed to file a verified claim); *United States v. One 1979 Oldsmobile-Cutlass Supreme*, 589 F. Supp. 477, 478 (N.D. Ga. 1984) (granting putative claimant ten days to comply with Rule C before striking his answer where he had made a good faith effort to file a claim). Accordingly, the court finds that Dugan lacks standing to challenge plaintiff's forfeiture of the seized firearms.

Moreover, even if the court were to consider the merits of Dugan's contentions, it would deny his motion to dismiss. First, the court rejects the argument that the forfeiture action was untimely filed because Dugan expressly gave plaintiff until May 2, 2003 to submit its complaint, which was filed on April 28, 2003. *See* 18 U.S.C. § 983(a)(3)(A) (parties may extend time for filing of forfeiture action by agreement); Dkt. No. 82, Ex. B (March 3, 2003 letter from Dugan's attorney giving plaintiff "60 days in which to file your complaint for forfeiture"). Second, the court finds that the forfeiture complaint was supported by probable cause. The complaint expressly references Dugan's indictment, which shows that a grand jury found sufficient evidence to charge Dugan under 18 U.S.C. 922(g)(3). Dugan cites no authority holding that the facts giving rise to probable cause must be laid out in the forfeiture complaint itself, particularly where an indictment has already issued. Simply put, given that plaintiff had enough evidence to support an indictment implicating the seized property, it had enough evidence to initiate forfeiture proceedings. *See United States v. One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204, 1208 (9th Cir. 1996) ("The standard for probable cause in forfeiture proceedings resembles that required to support a search warrant."); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (probable cause sufficient to support a search warrant may be satisfied by an indictment returned by a grand jury).

Accordingly, Dugan's motion to dismiss is denied. Further, Dugan has waived any opportunity to become a party to the forfeiture action by declining to file a claim despite receiving more than adequate notice of the claim requirement. As plaintiff has met the other prerequisites for a default judgment, the court grants the motion for default judgment in the forfeiture action.

B.       **Motion for an Order Authorizing Destruction of the Other Firearms**

The court also grants plaintiff's motion for an order authorizing destruction of the other firearms. As numerous courts have noted, because it is illegal for a convicted felon to possess firearms, *see* 18 U.S.C. § 922(g), firearms and ammunition may not be returned to convicted felons or their designees. *See, e.g.*, *United States v. Howell*, 425 F.3d 971, 976 (11th Cir. 2005) ("[I]f an individual is a convicted felon, that individual will not be entitled to the return of seized firearms, either directly or indirectly."); *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000) (rejecting argument that convicted felon or his "trustee" was entitled to a return of seized firearms under Rule 41). Courts have also resoundingly rejected the argument that if firearms cannot be returned, they must be sold for the owner's benefit. *See, e.g.*, *United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990) ("[T]o allow [Bagley] to reap the economic benefit from ownership of weapons [] which it is illegal for him to possess would make a mockery of the law."); *United States v. Harvey*, 78 Fed. Appx. 13, 15 (9th Cir. 2003). Thus, even if the court were to consider Dugan's Rule 41 motion at this point, it would be denied. Further, requiring plaintiff to initiate a separate forfeiture action over the other firearms, particularly those to which Dugan's ownership is established, would waste the court's and plaintiff's time. Finally, if the motion is not granted, plaintiff will be required to maintain custody over the other firearms for an indefinite amount of time at an ever-increasing cost. Therefore, in keeping with plaintiff's proposed remedy, plaintiff shall: (1) immediately destroy those firearms over which Dugan's ownership is established, and (2) publish notice regarding the remaining firearms and ammunition for three weeks, after which plaintiff will either take action in response to any properly filed claims or destroy the remaining firearms and ammunition.

### III. ORDER

For the foregoing reasons, the court grants the motion for default judgment in the foreclosure action and the motion for an order authorizing destruction of the other firearms.

6

Case No.: 03-cv-1920-RMW; Case No.: 09-cv-80136 RMW
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT; GRANTING MOTION FOR AN ORDER
AUTHORIZING THE DESTRUCTION OF CERTAIN FIREARMS AND AMMUNITION

Dated: ___9/6/12__

*Ronald M. Whyte*
_____
RONALD M. WHYTE
United States District Judge